**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES T. MURZIKE,

        Plaintiff,

v.                                                              Case No. 3:26-cv-1187-WWB-SJH

C.O. MORENO, ET AL.,

        Defendant.

_____

## ORDER

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, and a request to proceed as a pauper (Doc. 2).  He also filed a document titled, "Emergency Injunction & Restraining Order" (Doc. 3), requesting preliminary injunctive relief.

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:22-cv-1467-TKW-HTC (N.D. Fla.) (abuse of judicial process); (2) 3:24-cv-222-TKW-ZCB (N.D. Fla.) (malicious and an abuse of the judicial process); and (3) 3:24-cv-197-LC-ZCB (N.D. Fla.) (malicious).  Therefore, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g).  *See* Order (Doc. 6), No. 3:24-cv-347-MCR-ZCB (N.D. Fla. Oct. 25, 2024).

Further, Plaintiff's allegations do not warrant the imminent danger exception to dismissal.  Through his Complaint, Plaintiff makes various and vague allegations of physical and sexual abuse, property deprivation and destruction, falsification of documents, conspiracy, denial of proper medical care, retaliation, and food contamination or starvation, against over forty defendants occurring from 2023 to 2026.  (Doc. 1 at 11–16, 18–22).  Although Plaintiff's present action will be dismissed without prejudice, Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

As to his request for preliminary injunctive relief, he is likewise not entitled to relief. Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction,[1] "is an extraordinary and drastic remedy."  *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

---

[1] The primary distinction between a temporary restraining order and a preliminary injunction is that the former is issued *ex parte*, while the latter requires "notice to the adverse party."  Fed. R. Civ. P. 65(a), (b); *see also* M.D. Fla. R. 6.01, 6.02 (describing the requirements for the issuance of temporary restraining orders and preliminary injunctions).

A preliminary injunction is an "extraordinary and drastic remedy." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. *Id.*

*Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2018); *Keister v. Bell*, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. *See McDonald's Corp.*, 147 F.3d at 1306. Plaintiff has failed to carry his burden and failed to comply with the requirements of the applicable Federal Rules of Civil Procedure and the Court's Local Rules. *See, e.g.*, Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements for a motion seeking a temporary restraining order or preliminary injunction).

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's request for preliminary injunctive relief (Doc. 3) is **DENIED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on May 21, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

3

JaxP-12
c:
James T. Murzike, #L07713

4